UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GEOFFREY VARGA and WILLIAM CLEGHORN, as Joint Voluntary Liquidators of Bear Stearns High-Grade Structured Credit Strategies (Overseas) Ltd. and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., and as assignees of shares in Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., *et al.*, | |
| Plaintiffs, | No. 08-CV-03397 (AKH) |
| -against- | |
| THE BEAR STEARNS COMPANIES, INC., *et al.*, | |
| Defendants. | |

---

| | |
|---|---|
| FIC, L.P., individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| -against- | No. 07-CV-11633 (AKH) |
| BEAR STEARNS ASSET MANAGEMENT INC., *et al.*, | |
| Defendants. | |

---

| | |
|---|---|
| NAVIGATOR CAPITAL PARTNERS, L.P., on behalf of itself and all others similarly situated, | |
| Plaintiff, | |
| -against- | No. 07-CV-07783 (AKH) |
| BEAR STEARNS ASSET MANAGEMENT INC., *et al.*, | |
| Defendants. | |

**DEFENDANT RALPH CIOFFI'S CONSOLIDATED
MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO
DISMISS THE COMPLAINTS IN *VARGA*, *FIC* AND *NAVIGATOR*__**

Defendant Ralph Cioffi respectfully submits this memorandum of law in support of his motion to dismiss the amended complaints filed in *Varga, et al. v. The Bear Stearns Companies, Inc., et al.*, Civil Case No. 08-03397; *FIC, L.P. v. Bear Stearns Asset Management Inc., et al.*, Civil Case No. 07-11633; and *Navigator Capital Partners, L.P. v. Bear Stearns Asset Management Inc., et al.*, Civil Case No. 07-07783.

**PRELIMINARY STATEMENT**

Mr. Cioffi recognizes that at this juncture in the proceedings, the Court will generally accept the allegations in the complaints as truthful and that this round of motion practice should therefore steer clear of factual "tit for tat." Nevertheless, there are boundaries that exist. Federal Rule of Civil Procedure 11 indicates that factual contentions should be pled on the strength of actual or likely evidentiary support and, as the Bear Stearns defendants correctly observe in their brief, "bald assertions" are not afforded the customary presumption of truthfulness otherwise appropriate at this point in the lifetimes of these cases. Bear Stearns Defendants' Consolidated Memorandum of Law in Support of Motion to Dismiss ("Bear Stearns Mem."), at 5 n.2 (internal quotations and citations omitted).

In fact, and most respectfully, there is one particularly outlandish factual contention in the *Varga* complaint that does not deserve the presumption of truth. Specifically, we agree with the Bear Stearns defendants that the *Varga* complaint strains the bounds of credibility in insisting that the alleged fraudulent scheme coincided with the Funds' inception in 2003. *See Varga* Amended Complaint ("*Varga* Compl."), at ¶¶ 6

("it appears that the Bear Stearns Defendants did not fail to plan, but rather, planned to fail"), 131 (tying the alleged fraud's commencement to 2003), 513 (claiming that the Funds were "*designed* by the Bear Stearns Defendants as a fee-generating dumping ground for worthless securities") (emphasis added).[1]  The Bear Stearns defendants correctly observe that plaintiffs' "core accusation is improbable.  According to the amended complaint, the Bear Stearns Defendants set up these funds planning from the outset (*i.e.*, from early 2003) to fail."  Bear Stearns Mem., at 16.

Indeed, plaintiffs' own allegations about Mr. Cioffi's reputational stake in the success of the Funds belie their contention that they were *designed* as fraudulent vehicles.  *See Varga* Compl., at ¶¶ 165 ("Cioffi's and Tannin's compensation and reputations also turned on the success of the Funds. . . . Cioffi and Tannin were concerned with their reputations in the industry.  Cioffi stated in a June 2007 e-mail: 'If I can't [turn the Funds around] I've effectively washed a 30 year career down the drain.'"), 524 (noting that Mr. Cioffi and others' reputations were directly tied to the performance of the Funds).  It is, to use the Bear Stearns defendants' word, "improbable" that Mr. Cioffi, an industry veteran who by plaintiffs' own acknowledgement cared about his reputation, would design a fund to fail.

The *Varga* complaint is also rife with unacceptable language choices, which we likewise object to.  Federal Rule of Civil Procedure 12(f), authorizing striking from a complaint of "immaterial, impertinent, or scandalous matter," would not exist if "name calling" and other non-substantive insult slinging was an appropriate pleading

---

[1] Plaintiffs' choice of the Funds' inception as the fraud trigger date is undoubtedly strategic in nature, a tacit acknowledgement that a "holder" claim (essentially suing on alleged misrepresentations or omissions *post-investment* that allegedly dissuaded the investor from redeeming) is legally problematic.  *See* Bear Stearns Mem., at § II.B.2 (discussing the untenable nature of "holder" claims).

style.  *See Global View Ltd. Venture Capital v. Great Central Basis Exploration*, 288 F. Supp. 2d 473, 481 (S.D.N.Y. 2003) (invoking Federal Rule of Civil Procedure 12(f) to strike complaint paragraph containing "unscrupulous, unprincipled con artists" language where it "amount[ed] to nothing more than name calling, and does not contribute to [plaintiff's] substantive claims").  Falling into this category in the *Varga* complaint are plaintiffs' snide and unprofessional "'marked to myth,'" "house of cards," "fee-generating dumping ground for worthless securities" language and the gratuitous reference to vodka being consumed at a gathering.  *Varga* Compl., at ¶¶ 171, 219, 238, 513, 542.  None of these have any place in a federal pleading.

## ARGUMENT

*The Varga Complaint*

Plaintiffs Geoffrey Varga, William Cleghorn, Stillwater Capital Partners L.P. ("Stillwater") and Essex Fund Limited Claimant International Capital & Management Company LLC ("Essex") name Mr. Cioffi as a defendant in eight of the 17 claims asserted in their amended complaint.  We respectfully submit that each of these eight claims should be dismissed as to Mr. Cioffi for reasons cited in the dismissal motion filed by the Bear Stearns defendants, dated October 30, 2008.  Specifically, Mr. Cioffi joins in and incorporates the following Bear Stearns arguments in support of his motion to dismiss:

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|:---:|---|---|
| 1 | Section 10(b) and Rule 10b-5 Securities Fraud | Section IX.A.1 (pp. 58-61) – Lack of Standing |

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
| 2 | Section 20(a) Securities Fraud | Section IX.B (p. 71-72) – Falls Necessarily on Dismissal of the Underlying Fraud Claim (count 1) |
| 3 | Common Law Fraud | Section I.B (pp. 21-30) – No Pre-Suit Demand<br><br>Section II.A (pp. 32-34) – Lack of Standing and Also Necessarily Falls with Securities Fraud Claim (incorporating Section IX) |
| 4 | Breach of Fiduciary Duty | Section I.B (pp. 21-30) – No Pre-Suit Demand<br><br>Section IV.D (pp. 49-50) – Martin Act Preemption |
| 6 | Aiding and Abetting Walker Defendants' Breach of Fiduciary Duty | Section I.B. (pp. 21-30) – No Pre-Suit Demand<br><br>Section V.A (pp. 51-52) – Necessarily Falls with Underlying Breach of Fiduciary Duty Claim (incorporating Walker Defendants' Motion to Dismiss)<br><br>Section V.B.3 (pp. 52, 54) – Insufficiently Conclusory Allegations |
| 7 | Aiding and Abetting Deloitte Fraud | Section I.B (pp. 21-30) – No Pre-Suit Demand<br><br>Section III.A (pp. 36-37) – Necessarily Falls with Underlying Fraud Claim (incorporating Deloitte Motion to Dismiss)<br><br>Section III.B.1 (pp. 37-38) – Insufficiently Conclusory Allegations |

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
| 8 | Negligence and Gross Negligence | Section I.B (pp. 21-30) – No Pre-Suit Demand<br><br>Section VI (p. 55-56) – Martin Act Preemption |
| 17 | Unjust Enrichment | Section I.B (pp. 21-30) – No Pre-Suit Demand<br><br>Section VIII (pp. 57-58) – No Allegation of Actual Enrichment |

There are two additional bases for dismissing the Count One securities fraud claim against Mr. Cioffi: (1) plaintiffs fail to specify with requisite particularity which alleged Cioffi misrepresentations or omissions allegedly influenced which purchasing decisions; and (2) plaintiffs fail to adequately plead loss causation with respect to Mr. Cioffi, that is, a causal connection between any alleged material Cioffi misrepresentation or omission and plaintiffs' loss.

As to the first of these points, plaintiffs contend that the alleged fraudulent statements or omissions underlying their Count One securities fraud claim occurred in connection with Essex and Stillwater *purchases* into the Funds. *See Varga* Compl., at ¶¶ 505 ("Specifically, each fraudulent statement by the Bear Stearns Defendants alleged herein – and each omission of a material fact necessary to prevent another statement made by the Bear Stearns Defendants from being misleading – occurred in furtherance of the Bear Stearns Defendants' continuous and successful attempts to sell interests in the Funds to investors, including Stillwater and Essex."); 513 ("As a result [of the alleged misstatements and omissions], investors in the Funds, including Stillwater and Essex,

invested in the Funds . . . and lost their entire investment when the Bear Stearns Defendants suspended redemptions and the Funds ultimately collapsed."). However, as pointed out in the Bear Stearns defendants' brief, the amended complaint does not specify purchase dates. *See* Bear Stearns Mem., at 60. Without such specificity (a stand alone basis for dismissal, as the Bear Stearns defendants argue), plaintiffs are unable to make the required leap to pleading reasonable reliance in making their investment decision(s) on any alleged representation or omission by Mr. Cioffi. Indeed, therein lies another defect in plaintiffs' securities fraud claim against Mr. Cioffi – the absence of specificity as to Cioffi statements or omissions allegedly influencing plaintiffs' (date-uncertain) purchase decisions. This lack of particularity, falling well short of Federal Rule of Civil Procedure 9(b) and PSLRA pleading requirements, leaves the Count One securities fraud claim fatally deficient (*see Id*. at § IX.A.2 (pp. 61-63) (for cases cited therein)), and necessarily the Count Two Section 20(a) claim as well. *Id.* at § IX.B (pp. 71-72).

It logically follows from this lack of specificity that the amended complaint fails adequately to connect any alleged Cioffi misrepresentation or omission to plaintiffs' losses, giving rise to yet another independent basis for dismissing the securities fraud claims against Mr. Cioffi. *See In re Bristol Myers Squibb Co. Sec. Litig.*, No. 07 Civ. 5867 (PAC), 2008 WL 3884384, at *8 (S.D.N.Y. Aug. 20, 2008) (an element of a section 10(b) and Rule 10b-5 claim is that the plaintiff's reliance on defendant's action have caused the plaintiff's injury); *id.* at *12 (discussing Circuit law on loss causation). On this pleading, and particularly where there was indisputably a market-wide collapse, it is impossible for the Court to infer any causal connection between any alleged action or

inaction by Mr. Cioffi, plaintiffs' purchasing decision(s) and ensuing losses.  The claim simply cannot survive as pled.

*The Navigator Complaint*

Plaintiff Navigator Capital Partners, L.P. names Mr. Cioffi as a defendant in five of the nine claims asserted in its amended complaint.  We respectfully submit that all but one of these claims should be dismissed as to Mr. Cioffi for reasons cited in the dismissal motion filed by the Bear Stearns defendants.  The exception – plaintiff's breach of contract claim – should be dismissed for a separate reason not covered in the Bear Stearns defendants' briefing but discussed below.

Mr. Cioffi joins in and incorporates the following Bear Stearns arguments in support of his motion to dismiss:

| **Claim No.** | **Claim Asserted** | **Bear Stearns Defendants' Argument** |
| --- | --- | --- |
| 1 | Breach of Fiduciary Duty | Section IV.A (pp. 40-44) – Lack of Standing |
| 3 | Common Law Fraud | Section II.B (pp. 34-36) – Inability to Plead/Prove Class-Wide Reliance and Impermissible Holder Claim |
| 6 | Derivative Claim for Breach of Fiduciary Duty | Section I.C (pp. 21-24, 30-32) – No Pre-Suit Demand |
| 8 | Derivative Claim for Gross Negligence | Section I.C (pp. 21-24, 30-32) – No Pre-Suit Demand |

As indicated, we also respectfully move to dismiss the second claim of the amended complaint, alleging breach of contract.  That claim is brought against the so-

called "Management Defendants," defined in the amended complaint as BSAM and Messrs. Cioffi, Tannin and McGarrigal. *Navigator* Amended Complaint, at ¶ 2.

Because it cannot, plaintiff does not allege that Mr. Cioffi was a party to the so-called "Partnership Documents." Instead it alleges, correctly, only that BSAM (and not any of the individual members of the "Management Defendants") executed the Partnership Agreement. *Id.* at ¶ 377. *See also* Exhibit I to the Declaration of Marjorie E. Sheldon in Support of the Bear Stearns Defendants' Motion ("Sheldon Declaration") (the High-Grade Structured Credit Strategies, L.P. Amended and Restated Limited Partnership Agreement) (respectfully incorporated herein).[2]

Because Mr. Cioffi obviously cannot be liable, under basic principles of governing Delaware contract law, for breach of a contract to which he was not a party, plaintiff's breach of contract claim (count 2) must be dismissed. *See Wallace ex rel. Cencom Cable Income Partners II v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) ("It is a general principle of contract law that only a party to a contract may be sued for breach of that contract") (footnote and citation omitted).

*The FIC Complaint*

Plaintiff FIC, L.P. names Mr. Cioffi as a defendant in three of the five claims asserted in its amended complaint. We respectfully submit that each of these claims should be dismissed as to Mr. Cioffi for reasons cited in the dismissal motion filed by the Bear Stearns defendants. Specifically, Mr. Cioffi joins in and incorporates the following Bear Stearns arguments in support of his motion to dismiss:

---

[2] We respectfully request that the Court take judicial notice of the partnership agreement. *See* Bear Stearns Mem., at 5 n.2, and Defendant Tannin's Consolidated Memorandum of Law in Support of Motion to Dismiss, at 5 n.2 (citing supportive case law).

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
| 1 | Breach of Contract | Section VII (pp. 56-57) – Failure to Plead Necessary Specifics of Breach |
| 2 | Breach of Fiduciary Duties | Section IV.A (pp. 40-43) – Lack of Standing |
| 4 | Derivative Claim for Breach of Fiduciary Duties | Section I.A. (p. 21-25) – No Pre-Suit Demand |

The breach of contract claim (count 1) should be dismissed for the additional reason that Mr. Cioffi was not a party to the limited partnership agreement on which plaintiff's claim is purportedly grounded.  *See supra* pp. 7-8 (same argument concerning breach claim in *Navigator*), and Exhibit J to the Sheldon Declaration (the High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. Amended and Restated Limited Partnership Agreement) (respectfully incorporated herein; *see supra* note 2).

## **CONCLUSION**

For all the foregoing reasons, Mr. Cioffi respectfully requests that the Court dismiss all the claims asserted against him in the *FIC*, *Varga* and *Navigator* actions.

Dated:  October 30, 2008
         New York, New York

                                            HUGHES HUBBARD & REED LLP

                              By:      /s/ Edward J.M. Little
                                        Edward J.M. Little
                                        One Battery Park Plaza
                                        New York, New York  10004
                                        Telephone:  212-837-6400
                                        little@hugheshubbard.com

                                        Lisa A. Cahill
                                        Telephone:  212-837-6155
                                        cahill@hugheshubbard.com

                                        Attorneys for Defendant Ralph Cioffi

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 30, 2008, I caused true and correct copies of Defendant Ralph Cioffi's Consolidated Memorandum of Law in Support of His Motion To Dismiss the Complaints in *Varga, FIC* and *Navigator* to be served by ECF to all counsel of record.

                                                <u>Jason A. Masimore</u>