UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
NAVIGATOR CAPITAL PARTNERS, L.P., :
on behalf of itself and all others similarly situated, :
:
                     Plaintiff, :
:
                 - against - :
:
BEAR STEARNS ASSET MANAGEMENT :
INC., *et al.*, :
:
                 Defendants. :
:
―――――――――――――――――――――――― x
FIC, L.P., individually, and on behalf of all others :
similarly situated, :   07-CV-07783 (AKH)
                 Plaintiff, :   07-CV-11633 (AKH)
:   08-CV-03397 (AKH)
               - against - :
:
BEAR STEARNS ASSET MANAGEMENT :
INC., *et al.*, :
:
                 Defendants. :
―――――――――――――――――――――――― x
GEOFFREY VARGA and WILLIAM :
CLEGHORN, *et al.*, :
:
                 Plaintiffs, :
:
                 - against - :
:
THE BEAR STEARNS COMPANIES, INC., :
*et al.*, :
:
                 Defendants. :
―――――――――――――――――――――――― x

**DEFENDANT RAYMOND MCGARRIGAL'S CONSOLIDATED
MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS
THE AMENDED COMPLAINTS IN *VARGA*, *FIC* AND *NAVIGATOR***

Defendant Raymond McGarrigal respectfully submits this Consolidated

Memorandum of Law in Support of his Motion to Dismiss the Amended Complaints

("AC") filed in *FIC, L.P.* v. *Bear Stearns Asset Management, et al.* (No. 07 Civ. 11633), *Navigator Capital Partners, L.P.* v. *Bear Stearns Asset Management, et al.* (No. 07 Civ. 07783), and *Varga, et al.* v. *The Bear Stearns Companies, et al.* (No. 08 Civ. 03397).

Mr. McGarrigal adopts and incorporates herein arguments made by defendants The Bear Stearns Companies LLC (f/k/a The Bear Stearns Companies Inc.) ("BSC"), Bear Stearns Asset Management Inc. ("BSAM"), JPMorgan Securities Inc. (f/k/a Bear Stearns & Co. Inc.) ("BS&Co."), JPMorgan Clearing Corp. (f/k/a Bear Stearns Securities Corp.) ("BSSC"), George Buxton, Barry Cohen, Gerald Cummins, Michael Guarasci, Greg Quental and David Sandelovsky (together, the "Bear Stearns Defendants"), in their Consolidated Memorandum of Law in Support of Their Motion to Dismiss the Complaints in *Navigator*, *FIC*, and *Varga,* filed on October 30, 2008.  Mr. McGarrigal also makes separate arguments, which are set forth below.

## ARGUMENT

### I.     THE VARGA COMPLAINT

    A.    Mr. McGarrigal Adopts and Incorporates Herein
Certain of the Bear Stearns Defendants' Arguments in
<u>Support of Their Motion to Dismiss the Varga Complaint</u>.

Plaintiffs Geoffrey Varga, William Cleghorn, Stillwater Capital Partners L.P. ("Stillwater") and Essex Fund Limited Claimant International Capital & Management Company LLC ("Essex") name Mr. McGarrigal as a defendant in eight of the 17 claims asserted in their amended complaint.  Mr. McGarrigal respectfully moves to dismiss each of these claims, and adopts and incorporates herein the following Bear Stearns Defendants' arguments in support of his motion:

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
| 1 | Section 10(b) Securities Fraud | Section IX.A – Lack of Standing |
| 2 | Section 20(a) Securities Fraud | Section IX.B – Fails Necessarily on Dismissal of the Underlying Fraud Claim (count 1) |
| 3 | Common Law Fraud | Section I.B – No Pre-Suit Demand<br><br>Section II.A – Lack of Standing and Also Necessarily Falls with Securities Fraud Claim (incorporating Section IX) |
| 4 | Breach of Fiduciary Duty | Section I.B – No Pre-Suit Demand<br><br>Section IV.D – Martin Act Preemption |
| 6 | Aiding and Abetting Walker Defendants' Breach of Fiduciary Duty | Section I.B – No Pre-Suit Demand<br><br>Section V.A – Necessarily Fails with Underlying Breach of Fiduciary Duty Claim (incorporating Walker Defendants' Motion to Dismiss)<br><br>Section V.B.3 – Insufficiently Conclusory Allegations under Rule 9(b) |
| 7 | Aiding and Abetting Deloitte Fraud | Section I.B – No Pre-Suit Demand<br><br>Section III.A – Necessarily Fails with Underlying Fraud Claim (incorporating Deloitte Motion to Dismiss)<br><br>Section III.B.1 – Insufficiently Conclusory Allegations under Rule 9(b) |
| 8 | Negligence and Gross Negligence | Section I.B – No Pre-Suit Demand |

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
|  |  | Section VI – Martin Act Preemption |
| 17 | Derivative Claim for Unjust Enrichment | Section I.B – No Pre-Suit Demand<br><br>Section VIII – No Allegation of Actual Enrichment |

## II.     THE FIC COMPLAINT

A.   Mr. McGarrigal Adopts and Incorporates Herein Certain of the Bear Stearns Defendants' Arguments in <u>Support of Their Motion to Dismiss the FIC Complaint</u>.

Plaintiff FIC, L.P. names Mr. McGarrigal as a defendant in three of the five claims asserted in its amended complaint.  Mr. McGarrigal respectfully moves to dismiss each of these claims, and adopts and incorporates the following Bear Stearns Defendants' arguments herein in support of his motion:

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
| 1 | Breach of Contract | Section VII – Failure to Plead Necessary Specifics of Breach |
| 2 | Breach of Fiduciary Duty | Section IV.A – Lack of Standing |
| 4 | Derivative Claim for Breach of Fiduciary Duty | Section I.A – No Pre-Suit Demand |

B.   Mr. McGarrigal Separately Moves to Dismiss the <u>Breach of Contract Claim in the FIC Complaint</u>.

Count One, which alleges breach of contract, should be dismissed for the separate reason that Mr. McGarrigal was not a party to the contract in question.  FIC was a limited

4

partner of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage, L.P. pursuant to a limited partnership agreement (the "Enhanced Fund LPA") executed between the investors on the one hand, and BSAM, the general partner of the Domestic Funds, on the other (see Exhibit J to the Declaration of Marjorie E. Sheldon)[1].  This LPA forms the basis of FIC's breach of contract claim.  (*FIC AC* ¶¶ 123-28.)

Under Delaware law,[2] unless an officer or director binds himself individually, he cannot be held personally liable on the contracts of his corporation.  See *International Ass'n of Heat and Frost Insulators Asbestos Workers Local Union 42 v. Absolute Envtl., Servs., Inc.,* 814 F. Supp. 392, 405 n.12 (D. Del. 1993); *Transportes Aereos de Angola v. Ronair, Inc.,* 693 F. Supp. 102, 111 (D. Del. 1988); *Shearin v. E.F. Hutton Group, Inc.,* 652 A.2d 578, 590 (Del. Ch. 1994); *Grand Ventures, Inc. v. Paoli's Restaurant, Inc.,* No. 95 Civ. 03-013, 1996 WL 30022, at *3 (Del. Super. Jan. 4, 1996).  The same is true under New York law.  *See Key Bank of New York v. Grossi,* 227 A.D.2d 841, 642 N.Y.S.2d 403, 404 (3d Dep't 1996); *Lerman v. Ne. Permanente Med. Group,* P.C., 212 A.D.2d 672, 622 N.Y.S.2d 764, 764 (2d Dep't 1995).

Mr. McGarrigal is not a party to the Enhanced Fund LPA, and FIC has not alleged that he bound himself individually to BSAM's obligations.  He therefore cannot be held liable for any breach of the terms of the Enhanced Fund LPA.  For this reason, as well as

---

[1]  For purposes of these motions, the Court may take judicial notice of and rely upon the LPAs.  *See*, *e.g.*, *Brass* v. *American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (on motion to dismiss, court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit").

[2]  The Enhanced Fund LPA is governed by Delaware law.  (*see* Exhibit J to the Declaration of Marjorie E. Sheldon at 47.)

those raised by the Bear Stearns Defendants, FIC's breach of contract claim against Mr. McGarrigal should be dismissed.

### III. THE NAVIGATOR COMPLAINT

A. Mr. McGarrigal Adopts and Incorporates Herein Certain of the Bear Stearns Defendants' Arguments in Support of Their Motion to Dismiss the Navigator Complaint.

Plaintiff Navigator Capital Partners, L.P. names Mr. McGarrigal as a defendant in five of the nine claims asserted in its amended complaint. We respectfully submit that four of these claims should be dismissed for reasons cited in the dismissal motion filed by the Bear Stearns Defendants, dated October 30, 2008, and the other should be dismissed for the separate reason described below. Specifically, Mr. McGarrigal incorporates the following Bear Stearns Defendants' arguments in support of his motion to dismiss:

| Claim No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
| 1 | Class Claim for Breach of Fiduciary Duty | Section IV.A – Lack of Standing |
| 3 | Class Claim for Common law fraud | Section II.B.1 – Failure to Plead Class-Wide Reliance<br><br>Section II.B.2 – Non-cognizable Holder Claim. |
| 6 | Derivative Claim for Breach of Fiduciary Duty | Section I.C – No Pre-Suit Demand |
| 8 | Derivative Claim for Gross Negligence | Section I.C – No Pre-Suit Demand |

B.  **Mr. McGarrigal Separately Moves to Dismiss the
<u>Breach of Contract Claim in the Navigator Complaint</u>.**

For reasons identical to those applicable to FIC's breach of contract claim, Navigator's breach of contract claim against Mr. McGarrigal must fail. Navigator was a limited partner of Bear Stearns High-Grade Structured Credit Strategies, L.P. pursuant to a limited partnership agreement (the "High Grade Fund LPA") executed between the investors on the one hand, and BSAM, the general partner of the Domestic Funds, on the other (see Exhibit I to the Declaration of Marjorie E. Sheldon). This LPA forms the basis of Navigator's breach of contract claim. (*Navigator AC* ¶¶ 376-83).

Because Mr. McGarrigal is not a party to the High Grade Fund LPA, and Navigator has not alleged that he separately bound himself to BSAM's obligations, he cannot be held liable for any breach of the terms of the High Grade Fund LPA.[3] See *International Ass'n of Heat and Frost Insulators Asbestos Workers Local Union 42 v. Absolute Envtl., Servs., Inc.,* 814 F. Supp. 392, 405 n.12 (D. Del. 1993); *See Key Bank of New York v. Grossi,* 227 A.D.2d 841, 642 N.Y.S.2d 403, 404 (3d Dep't 1996). For this reason, Navigator's breach of contract claim should be dismissed.

---

[3] The High Grade Fund LPA is governed by Delaware law. (*see* Exhibit I to the Declaration of Marjorie E. Sheldon, at 39)

7

## **CONCLUSION**

For the foregoing reasons, Mr. McGarrigal respectfully requests that the Court dismiss the claims asserted against him in the *FIC*, *Varga* and *Navigator* actions.

Dated:  October 30, 2008
       New York, New York

                          Respectfully submitted,

                          DRISCOLL & REDLICH

                          By:   /s/ Catherine Redlich
                                Catherine L. Redlich (6946)
                                Cori Browne  (9408)
                          521 Fifth Avenue, Suite 3300
                          New York, New York 10175
                          Telephone  (212) 986-4030

                          E-Mail: credlich@driscollredlich.com

                          *Attorneys for Defendant Raymond McGarrigal*

To:    Robert A. Nicholas, Esq.
        REED SMITH LLP
        599 Lexington Avenue
        New York, New York  10022
        Attorneys for the Varga Plaintiffs

        Johnston de F. Whitman, Jr.
        ENTWISTLE & CAPPUCCI LLP
        280 Park Avenue, 26th Fl. West
        New York, New York  10017
        Attorneys for Plaintiff Navigator
          Capital Partners, L.P.

        James J. Sabella
        GRANT & EISENHOFER P.A.
        485 Lexington Avenue, 29th Fl.
        New York, New York  10017
        Attorneys for Plaintiff  FIC, L.P.

        Barry H. Berke
        KRAMER LEVIN NAFTALIS & FRANKEL LLP
        1177 Avenue of the Americas

New York, New York  10036
(212) 715-9100
Attorneys for the Bear Stearns Defendants

Lisa Cahill, Esq.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
Attorneys for Defendant Ralph Cioffi

Nina M. Beattie, Esq.
BRUNE & RICHARD LLP
80 Broad Street
New York, New York  10004
Attorneys for Defendant Matthew Tannin

Max R. Shulman, Esq.
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
Attorneys for Defendant Deloitte & Touche LLP

Richard A. Martin, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York  10103
Attorneys for Defendant Deloitte & Touche (Cayman)

Michael A. Collora, Esq.
DWYER & COLLORA, LLP
600 Atlantic Avenue, 12th Foor
Boston, Massachusetts  02110
Attorneys for Defendants Walkers
   Fund Services Limited, Scott Lennon
   and Michele Wilson-Clarke