UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NAVIGATOR CAPITAL PARTNERS, L.P., on
behalf of itself and all others similarly situated,

        Plaintiff,

        v.

BEAR STEARNS ASSET MANAGEMENT, INC.,
*et al.*,

        Defendants,

        and

BEAR STEARNS HIGH-GRADE STRUCTURED
CREDIT STRATEGIES, L.P.,

        Nominal Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

        [captions continued on next page]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 07 Civ. 07783 (AKH)

**DEFENDANT MATTHEW TANNIN'S CONSOLIDATED
MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS
THE AMENDED COMPLAINTS IN *NAVIGATOR*, *FIC*, AND *VARGA***

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FIC, L.P., individually, and on behalf of itself and all others   :
similarly situated,                                               :
                                                                 :
                    Plaintiff,                                    :
                                                                 :   No. 07 Civ. 11633 (AKH)
            v.                                                    :
                                                                 :
BEAR STEARNS ASSET MANAGEMENT, INC., et al.,                      :
                                                                 :
                    Defendants,                                   :
                                                                 :
            and                                                   :
                                                                 :
BEAR STEARNS HIGH-GRADE STRUCTURED                                :
CREDIT STRATEGIES ENHANCED LEVERAGE, L.P.,                        :
                                                                 :
                    Nominal Defendant.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
GEOFFREY VARGA and WILLIAM CLEGHORN, as                           :
Joint Voluntary Liquidators of Bear Stearns High-Grade            :
Structured Credit Strategies (Overseas) Ltd. and Bear             :
Stearns High-Grade Structured Credit Strategies Enhanced          :   No. 08 Civ. 03397 (AKH)
Leverage (Overseas) Ltd., and as assignees of shares in           :
Bear Stearns High-Grade Structured Credit Strategies              :
Enhanced Leverage (Overseas) Ltd., et al.,                        :
                                                                 :
                    Plaintiffs,                                   :
                                                                 :
            v.                                                    :
                                                                 :
THE BEAR STEARNS COMPANIES INC., et al.,                          :
                                                                 :
                    Defendants,                                   :
                                                                 :
            and                                                   :
                                                                 :
BEAR STEARNS HIGH-GRADE STRUCTURED                                :
CREDIT STRATEGIES FUND, L.P., et al.,                             :
                                                                 :
                    Nominal Defendant.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## PRELIMINARY STATEMENT

Defendant Matthew Tannin respectfully submits this memorandum of law in support of his motion to dismiss the amended complaints ("AC") filed in *Navigator Capital Partners, L.P.* v. *Bear Stearns Asset Management, et al.* (No. 07 Civ. 07783), *FIC, L.P.* v. *Bear Stearns Asset Management, et al.* (No. 07 Civ. 11633), and *Varga, et al.* v. *The Bear Stearns Companies, et al.* (No. 08 Civ. 03397). The motion is based on the arguments made by defendants The Bear Stearns Companies LLC (f/k/a The Bear Stearns Companies Inc.) ("BSC"), Bear Stearns Asset Management Inc. ("BSAM"), JPMorgan Securities Inc. (f/k/a Bear Stearns & Co. Inc.) ("BS&Co."), JPMorgan Clearing Corp. (f/k/a Bear Stearns Securities Corp.) ("BSSC"), George Buxton, Barry Cohen, Gerald Cummins, Michael Guarasci, Greg Quental and David Sandelovsky (together, the "Bear Stearns Defendants") in their Consolidated Memorandum of Law in Support of Their Motion to Dismiss the Complaints in *Navigator*, *FIC*, and *Varga* ("Consolidated Memorandum"), filed on October 30, 2008,[1] and the additional arguments set forth below.

## ARGUMENT

**I.    JOINDER IN BEAR STEARNS DEFENDANTS' MOTION TO DISMISS THE COMPLAINTS IN *FIC*, *NAVIGATOR*, AND *VARGA***

Mr. Tannin joins in and incorporates the arguments made in the Bear Stearns Defendants' Consolidated Memorandum, as set forth below.

### A.    *Navigator Capital Partners, L.P.* v. *Bear Stearns Asset Management, et al.* (No. 07 Civ. 07783)

Plaintiff Navigator Capital Partners, L.P. asserts five claims against Mr. Tannin: class claims for breach of fiduciary duty, breach of contract, and common law fraud, and derivative

---

[1]    References to exhibits ("Exh.") are to the exhibits attached to the Declaration of Marjorie E. Sheldon submitted in support of the Bear Stearns Defendants' motion to dismiss.

claims for breach of fiduciary duty and gross negligence. Mr. Tannin joins in and incorporates the following arguments made in the Bear Stearns Defendants' Consolidated Memorandum, which apply with equal force to the claims against Mr. Tannin:

| Count No. | Claim Asserted | Bear Stearns Defendants' Argument |
|-----------|----------------|-----------------------------------|
| I | Class Claim for Breach of Fiduciary Duty | Section IV.A (pp. 40-43) – Lack of Standing |
| III | Class Claim for Common Law Fraud | Section II.B (pp. 34-36) – Failure to Plead Reliance and Non-Cognizable Holder Claim |
| VI | Derivative Claim for Breach of Fiduciary Duty | Section I.C (pp. 21-24, 30-32) – No Pre-Suit Demand |
| VIII | Derivative Claim for Gross Negligence | Section I.C (pp. 21-24, 30-32) – No Pre-Suit Demand |

**B.**   *FIC, L.P.* v. *Bear Stearns Asset Management, et al.* **(No. 07 Civ. 11633)**

Plaintiff FIC, L.P. asserts three claims against Mr. Tannin:  class claims for breach of contract and breach of fiduciary duty, and a derivative claim for breach of fiduciary duty. Mr. Tannin joins in and incorporates the following arguments made in the Bear Stearns Defendants' Consolidated Memorandum, which apply with equal force to the claims against Mr. Tannin:

| Count No. | Claim Asserted | Bear Stearns Defendants' Argument |
|:---:|---|---|
| I | Class Claim for Breach of Contract | Section VII (pp. 56-57) – Failure to Plead Necessary Specifics of Breach |
| II | Class Claim for Breach of Fiduciary Duty | Section IV.A (pp. 40-43) – Lack of Standing |
| III | Derivative Claim for Breach of Fiduciary Duty | Section I.A (pp. 21-25) – No Pre-Suit Demand |

### C.    *Varga, et al.* v. *The Bear Stearns Companies, et al.* (No. 08 Civ. 03397)

Plaintiffs Geoffrey Varga, William Cleghorn, Stillwater Capital Partners L.P. ("Stillwater") and Essex Fund Limited Claimant International Capital & Management Company LLC ("Essex") assert eight claims against Mr. Tannin:  direct claims for violations of Sections 10(b) and 20(a) of the Exchange Act, and derivative claims for common law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, aiding and abetting fraud, negligence and gross negligence, and unjust enrichment.  Mr. Tannin joins in and incorporates the following arguments made in the Bear Stearns Defendants' Consolidated Memorandum, which apply with equal force to the claims against Mr. Tannin:

| Count No. | Claim Asserted | Bear Stearns Defendants' Argument |
|---|---|---|
| I | Section 10(b) Securities Fraud | Section IX.A (pp. 59-61) – Lack of Standing |
| II | Section 20(a) Securities Fraud | Section IX.B (pp. 71-72) – Falls Necessarily on Dismissal of the Underlying Fraud Claim (count 1) |
| III | Derivative Claim for Common Law Fraud | Section I.B (pp. 21-30) – No Pre-Suit Demand; II.A (pp. 32-33) – Lack of Standing and Also Necessarily Falls with Securities Fraud Claim (incorporating Section IX) |
| IV | Derivative Claim for Breach of Fiduciary Duty | Section I.B (pp. 21-30) – No Pre-Suit Demand; IV.D (pp. 49-50) – Martin Act Preemption |
| VI | Derivative Claim for Aiding and Abetting Walker Defendants' Breach of Fiduciary Duty | Section I.B. (pp. 21-30) – No Pre-Suit Demand; V.A (pp. 51-52) – Necessarily Falls with Underlying Breach of Fiduciary Duty Claim (incorporating Walker Defendants' Motion to Dismiss); V.B.3 (p. 53) – Insufficiently Conclusory Allegations under Rule 9(b) |
| VII | Derivative Claim for Aiding and Abetting Deloitte Fraud | Section I.B (pp. 21-30) – No Pre-Suit Demand; III.A (p. 36-37) – Necessarily Falls with Underlying Fraud Claim (incorporating Deloitte Motion to Dismiss); III.B.1 (pp. 37-38) – Insufficiently Conclusory Allegations under Rule 9(b) |

4

| Count No. | Claim Asserted | Bear Stearns Defendants' Argument |
|-----------|----------------|-----------------------------------|
| VIII | Derivative Claim for Negligence and Gross Negligence | Section I.B (pp. 21-30) – No Pre-Suit Demand; VI (pp. 54-56) – Martin Act Preemption |
| XVII | Derivative Claim for Unjust Enrichment | Section I.B (pp. 21-30) – No Pre-Suit Demand; VIII (pp. 57-58) – No Allegation of Actual Enrichment |

## II.   ADDITIONAL ARGUMENTS IN SUPPORT OF MOTION TO DISMISS

### A.   Breach of Contract Claims in *FIC* and *Navigator*

As set forth above, Mr. Tannin joins in the argument made by the Bear Stearns Defendants that FIC's class claim for breach of contract (Count I) should be dismissed because it fails to identify the contracts or specific provisions that were breached. FIC's breach of contract claim should be dismissed as to Mr. Tannin for another reason as well: Mr. Tannin was not a party to the agreements alleged in the complaint and, as a result, cannot be liable for any breach of their terms. Navigator's class claim for breach of contract against Mr. Tannin (Count II) suffers from the same deficiency and should also be dismissed.

Navigator and FIC were limited partners of Bear Stearns High-Grade Structured Credit Strategies, L.P. and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage, L.P. (together, the "Domestic Funds"), respectively, pursuant to the terms of certain limited partnership agreements ("LPAs"). These LPAs form the basis of Navigator's and FIC's breach of contract claims. (*Navigator* AC ¶¶ 376-83; *FIC* AC ¶¶ 123-28.)

The LPAs, however, were agreements between the investors (here, Navigator and FIC) and BSAM, the general partner of the Domestic Funds.  (Exhs. I and J.)[2]  The preamble to the Enhanced Leverage Fund LPA reads as follows:

> THIS AMENDED AND RESTATED LIMITED PARTNERSHIP AGREEMENT is entered into as of July 31, 2006, by and among Bear Stearns Asset Management, Inc., a New York corporation, (the "General Partner") and the initial limited partner set forth on the signature page hereof (the "Initial Limited Partner"), and those Persons who may hereafter be admitted to Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. (the "Partnership") as Limited Partners in accordance with the provisions hereof.

(Exh. J at 1).  The High Grade Fund's preamble contains similar language.  (Exh. I at 1).  As the general partner, BSAM had the "full, complete, and exclusive right, power, and authority to manage and conduct the business and affairs of the Partnership."  (Exh. I at 8; Exh. J at 9.)  Mr. Tannin was neither a party nor a signatory to the LPAs.

Under Delaware law,[3] unless an officer or director binds himself individually, he cannot be held personally liable on the contracts of his corporation.  *See Int'l Ass'n of Heat and Frost Insulators Asbestos Workers Local Union 42* v. *Absolute Envtl. Servs., Inc.,* 814 F. Supp. 392, 405 n.12 (D. Del. 1993); *Transportes Aereos de Angola* v. *Ronair, Inc.,* 693 F. Supp. 102, 111 (D. Del. 1988); *Shearin* v. *E.F. Hutton Group, Inc.,* 652 A.2d 578, 590 (Del. Ch. 1994).  The same is true under New York law.  *See Key Bank of New York* v. *Grossi,* 227 A.D.2d 841, 642 N.Y.S.2d 403, 404 (3d Dep't 1996); *Lerman* v. *Ne. Permanente Med. Group, P.C.,* 212 A.D.2d 672, 622 N.Y.S.2d 764, 764 (2d Dep't 1995).

---

[2]    For purposes of these motions, the Court may take judicial notice of and rely upon the LPAs.  *See, e.g., Brass* v. *American Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993) (on motion to dismiss, court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit").

[3]    The LPAs for the Domestic Funds are governed by Delaware law.  (Exh. I at 39 and Exh. J at 47.)

Mr. Tannin is not a party to the LPAs, and Navigator and FIC have nowhere alleged that he separately bound himself individually to the obligations of BSAM. Mr. Tannin therefore cannot be held liable for any breach of the terms of those agreements. For this reason, as well as those raised by the Bear Stearns Defendants, FIC's and Navigator's breach of contract claims should be dismissed.

### B.   Breach of Fiduciary Duty Claim in *Navigator*

As explained in the Bear Stearns Defendants' Consolidated Memorandum, to the extent Navigator's class claim for breach of fiduciary duty (Count I) is based on allegations of mismanagement and self-dealing, the claim must be dismissed because it is derivative in nature. To the extent the class claim for breach of fiduciary duty claim asserted against Mr. Tannin and the other "Management Defendants" is based on misrepresentations and omissions, it should be dismissed because Navigator will not be able to prove, on a class-wide basis, that the alleged misrepresentations that form the basis of the claim proximately caused the damages allegedly suffered by the class.

Navigator alleges that "the Management Defendants," including Mr. Tannin, breached their fiduciary duties to the putative class through an alleged "pattern of willful, grossly negligent, and/or bad faith nondisclosure, obfuscation and misrepresentation of material facts regarding the Partnership and the Master Fund." (*Navigator* AC ¶ 372.) According to the complaint, "[h]ad the Management Defendants made accurate and candid disclosures to Plaintiff and to other Limited Partners, each Limited Partner would have exercised its rights in order to avoid the massive losses that it suffered." (*Navigator* AC ¶ 373.) Thus, to the extent Navigator's class claim for breach of fiduciary duty is based on alleged misrepresentations (to avoid being barred by the LPA's exculpatory clause (*see* Exh. I at 30; Bear Stearns Defendants' Consolidated Memorandum at 43-46)), it sounds in fraud, and Navigator will need to prove that

the misrepresentations proximately caused damages to the class of limited partners.[4]  *See, e.g.,*

*Muller-Paisner* v. *TIAA*, No. 06 Civ. 4307, 2008 WL 3842899, at *1 (2d Cir. 2008) (explaining

that a plaintiff seeking to prove a securities or common law fraud claim must prove that

"plaintiffs' reliance was the proximate cause of their injury.")  Indeed, Navigator admits as much

in its complaint.  (*Navigator* AC ¶ 374 ("Plaintiff and the other Limited Partners have suffered

damages proximately caused by the Management Defendants' breaches of fiduciary duties.")

    But to prove such proximate causation, Navigator would be required to demonstrate that

each class member relied upon the alleged misrepresentations to its detriment.  Navigator will be

unable to do so.  In responding to Navigator's class claim for common law fraud, the Bear

Stearns Defendants explained that where, as here, a claim requires a plaintiff "plead and prove

actual and reasonable reliance on false representations made by the defendants," individual

questions of reliance "will inevitably predominate over common questions."  *Manzo* v. *Rite Aid*

*Corp.*, No. Civ. A. 18451-NC, 2002 WL 3192606, at *4 (Del. Ch.  Dec. 19, 2002).  (*See* Bear

Stearns Defendants' Consolidated Memorandum at 34-35.)  Consequently, the claim may not be

maintained as a class action, and should be dismissed, with prejudice, at the pleading stage, for

---

[4]    Courts often distinguish breach of fiduciary duty claims that are based on fraudulent
conduct rather than mismanagement or self-dealing.  For example, Delaware applies the
rigorous pleading requirements for fraud claims to "the portion of [plaintiff's] breach of
fiduciary duty claim based on [defendant's] alleged fraud," even in the absence of a
separate fraud claim.  *See, e.g.*, *York Lingings* v. *Roach*, No. 16622-NC, 1999 WL
608850 at **2-3 (Del. Ch. 1999) (dismissing breach of fiduciary duty claim based on
fraud for failure to plead with sufficient particularity under Delaware Chancery Rule
9(b)); *see also Henneberry* v. *Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 555
(S.D.N.Y. 2007) ("Rule 9(b)'s heightened pleading standards apply to breach of fiduciary
duty claims where the breach is premised on the defendant's fraudulent conduct . . . such
as an attempt 'to induce action or inaction on the part of the investors by means of
falsehoods or material omissions.'") (quoting *In re Luxottica Group S.p.A. Sec. Litig.*,
293 F. Supp. 2d 224, 238 (E.D.N.Y. 2003)).

failure to state a claim. *Manzo*, 2002 WL 31922606, at *4; *see also Oliver* v. *Boston Univ.*, No. 16570, 2000 WL 1091480, at *11 (Del. Ch. Jul. 25, 2000).

Because Navigator will be unable to plead or prove class-wide reliance upon any alleged misrepresentations, Navigator's class claim for breach of fiduciary duty against Mr. Tannin, like its class claim for common law fraud, should be dismissed with prejudice. It cannot proceed on a class basis.

## CONCLUSION

For all the foregoing reasons, Mr. Tannin respectfully requests that the Court dismiss all the claims asserted against him in the *Navigator, FIC,* and *Varga* actions.

Dated:      New York, New York
            October 30, 2008

Respectfully submitted,

By: _____
    Nina M. Beattie
    Theresa Trzaskoma
    MaryAnn Sung
    BRUNE & RICHARD LLP
    80 Broad Street
    New York, New York 10004
    Phone: (212) 668-1900
    Fax:    (212) 668-0315
    nbeattie@bruneandrichard.com

*Attorneys for Defendant Matthew M. Tannin*