UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————— x
NAVIGATOR CAPITAL PARTNERS, L.P., on behalf :
of itself and all others similarly situated,
:
　　　　　　　Plaintiff,
: No. 07 Civ. 7783 (AKH)
　　　- against -
:
BEAR STEARNS ASSET MANAGEMENT INC., *et
al.*,
:
　　　　　　　Defendants,
:
　　　- and -
:
BEAR STEARNS HIGH-GRADE STRUCTURED
CREDIT STRATEGIES, L.P.,
:
　　　　　　　Nominal Defendant.
:
————————————————————— x
FIC, L.P., individually, and on behalf of all others
similarly situated,
:
　　　　　　　Plaintiff,
: No. 07 Civ. 11633 (AKH)
　　　- against -
:
BEAR STEARNS ASSET MANAGEMENT INC., *et
al.*,
:
　　　　　　　Defendants,
:
　　　- and -
:
BEAR STEARNS HIGH-GRADE STRUCTURED
CREDIT STRATEGIES ENHANCED LEVERAGE,
L.P.,
:
　　　　　　　Nominal Defendant.
————————————————————— x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/09

## STIPULATION AND PROTECTIVE ORDER

KL3 2706799.1

IT IS HEREBY STIPULATED AND AGREED by the undersigned Parties (the "Parties") to the above-captioned actions (the "Actions"), through their undersigned counsel, that the following provisions shall govern disclosure and use of all documents, testimony, and other information which are produced or given by any person in the course of discovery in the Actions:

1. The term "Discovery Material," as used herein, shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, expert reports or other information disclosed or produced by or on behalf of a Party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents) in the Actions. All Discovery Material, including but not limited to Discovery Material designated "Confidential" or "Highly Confidential" pursuant to this Stipulation and Protective Order, shall be used solely for the purpose of prosecuting or defending claims in the Actions between or among the Parties, or in connection with the settlement or other disposition of the Actions, and for no other purpose, and shall not be disclosed to any person except as expressly permitted by this Stipulation and Protective Order.

2. Discovery Material may be designated by any Party to the Actions (each, a "Designating Person"), as "Confidential" or "Highly Confidential," pursuant to the provisions of this Stipulation and Protective Order. A Designating Person may designate as "Confidential" or "Highly Confidential" either Discovery Material disclosed or produced by the Designating Person or Discovery Material disclosed or produced by any other Party or non-party that discloses Confidential or Highly Confidential information of the Designating Person.

3. Non-parties from whom discovery is sought by the Parties to the Actions may designate their Discovery Material as "Confidential" or "Highly Confidential," consistent with the terms of this Stipulation and Protective Order and are considered Designating Persons

herein, except that non-parties shall not have the ability designate as "Confidential" or "Highly Confidential" any Discovery Material that is disclosed or produced by any other Party or non-Party unless it has the express written permission to do so by all the Parties to the Action.

4. The designation of any Discovery Material as Confidential or Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Person and that there is a valid basis for such designation.

5. Discovery Material may be designated "Confidential" if the Designating Person has a reasonable, good faith belief that the Discovery Material so designated contains confidential, proprietary commercially sensitive information or personal information of the Designating Person. Notwithstanding anything to the contrary in this paragraph 5 or otherwise in this Stipulation and Protective Order, to the extent that any of the defendants produce to plaintiffs such document productions as were previously provided to any governmental or regulatory agency, then such productions shall be treated as "Confidential" in their entirety for a period of ninety (90) days after production. To get such protection, defendants shall identify by control number which documents were part of a production to a governmental or regulatory agency. To the extent any such document should be designated "Highly Confidential," defendants in these Actions will identify any such document as such. Notwithstanding anything to the contrary in paragraph 10 or otherwise in this Stipulation and Protective Order, defendants shall, no later than (90) days after such production, identify in writing the control numbers of all documents from the governmental or regulatory agency productions that properly qualify for treatment as Confidential or Highly Confidential as provided for in this Stipulation and Protective Order.

6.  Except with the prior written consent of the Designating Person, or upon Order of this Court, Discovery Material designated "Confidential" (hereafter, "Confidential Material") shall not be disclosed to any person other than the following (each, for purposes of "Confidential Material," a "Qualified Person"):

(a) named individual defendants in the Actions and those officers, directors, partners, managing agents or employees of Navigator Capital Partners, L.P., FIC, L.P., The Bear Stearns Companies LLC (f/k/a The Bear Stearns Companies Inc.), Bear Stearns Asset Management Inc., JPMorgan Securities Inc. (f/k/a Bear, Stearns & Co. Inc.), JPMorgan Clearing Corp. (f/k/a Bear, Stearns Securities Corp.) and Walkers Fund Services Limited who have managerial responsibility with respect to the prosecution, defense, settlement or other disposition of the Actions, together with members of their clerical and/or secretarial staff to the extent reasonably necessary to assist them;

(b) outside counsel of record for the Parties to the Actions and their associates, secretaries, legal assistants, or other support personnel to the extent reasonably necessary to assist outside counsel in the Actions (collectively, "Outside Litigation Counsel") and, in-house counsel and legal assistants and other support personnel assisting in-house counsel in this litigation (collectively, "Inside Legal Counsel"), and any external contractors engaged in any aspect of organizing, copying, coding, imaging, filing, converting, storing or retrieving data, documents, photographs or other information, or designing programs for handling data

        in connection with the Actions, including performance of such duties in relation to a computerized litigation support system (collectively, "Outside Service Vendors");

  (c)  non-party experts, consultants or outside litigation support personnel who are expressly engaged to assist counsel of record in the prosecution, defense, settlement or other disposition of the Actions, together with members of their clerical and/or secretarial staff to the extent reasonably necessary to assist them, provided that such persons have not been employees of any of the Parties to the Actions during the past seven (7) years (collectively, "Outside Litigation Consultants");

  (d)  the Court, Court personnel, and jurors;

  (e)  court reporters and videographers who are retained to transcribe or videotape testimony in the Actions;

  (f)  actual witnesses that counsel for any Party believes in good faith will testify at any deposition, hearing or trial in the Actions, both in advance of their testimony in the course of assisting them in preparing to testify;

  (g)  any witness testifying at a deposition, hearing or trial in the Actions;

  (h)  defendants' insurers or their counsel.

7.  Discovery Material may be designated "Highly Confidential" if the Designating Person has a reasonable, good faith belief that the Discovery Material so designated contains highly confidential proprietary financial information or current competitive scientific or marketing information, trade secrets, or product composition information that the Designating Person believes in good faith would cause particularized harm to the Designating Person for

which the procedures set forth herein for Discovery Material designated as "Confidential" is not adequate.

        8.      Except with the prior written consent of the Designating Person, or upon prior order of this Court, Discovery Material designated "Highly Confidential" (hereafter, "Highly Confidential Material") shall not be disclosed to any person other than the following (each, for purposes of "Highly Confidential Material," a "Qualified Person"):

    (a)    Outside Litigation Counsel or Inside Legal Counsel or Outside Service Vendors;

    (b)    Outside Litigation Consultants;

    (c)    the Court, Court personnel, and jurors;

    (d)    court reporters and videographers who are retained to transcribe or videotape testimony in the Actions;

    (e)    actual witnesses that counsel for any Party believes in good faith will testify at any deposition, hearing or trial in the Actions, both in advance of their testimony in the course of assisting them in preparing to testify;

    (f)    any witness testifying at a deposition, hearing or trial in the Actions; and

    (g)    defendants' insurers or their counsel.

        9.      Prior to disclosing any Confidential Material to any Qualified Person described in paragraph 6(c) and (f) or any Highly Confidential Material to any Qualified Person described in paragraph 8(b) and (e) counsel for the Party or person making the disclosure shall (i) ensure that a copy of this Stipulation and Protective Order has been provided to such Qualified Person, and (ii) obtain from such Qualified Person a signed Acknowledgement in the form annexed hereto as Exhibit A. Each such Acknowledgement shall be retained by counsel

disclosing the Confidential Material or Highly Confidential Material and shall be made available to the Court for in camera inspection only upon a showing of good cause, except that Acknowledgements of Outside Litigation Consultants shall not be made available for the Court's in camera review unless, and until such time as, the Party engaging such Outside Litigation Consultants is obligated to identify such individuals. All Qualified Persons who have received Confidential Material or Highly Confidential Material shall safeguard such material so as to avoid any disclosure thereof except as provided in this Stipulation and Protective Order.

10. A Designating Person shall designate documents, interrogatory responses or responses to other requests for disclosure as "Confidential" or "Highly Confidential" material by affixing a stamp with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, on the document, interrogatory response, response to other requests for disclosure, or any expert report before copies thereof are delivered to another Party. A Designating Person shall designate electronic data as "Confidential" or "Highly Confidential" by affixing a stamp with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, on the medium (including, but not limited to, tapes and CDs) on which the electronic data is stored before copies are delivered to another Party.

11. Any deposition transcript or videotaped deposition containing Confidential Material or Highly Confidential Material shall be marked on the cover "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, and shall indicate as appropriate within the transcript and on the videotape (which term, as used herein, shall include any DVD or other recording made from such videotape) that the Discovery Material therein has been so designated. Any Party may designate any portion(s) of the transcript (including exhibits) or videotape as containing "Confidential" or "Highly Confidential" information by written notice to all Parties

within thirty (30) days after the deposition, designating portions of the transcript or testimony as Confidential Material or Highly Confidential Material. Until thirty (30) days have passed after the deposition, the entire transcript and videotape shall be treated as Highly Confidential Material. Nothing in this Stipulation and Protective Order shall prevent an officer, director, partner or employee of a Party, who has managerial responsibility with respect to the prosecution, defense, settlement or other disposition of the Actions, from attending any deposition, except that unless otherwise agreed to by the Designating Person, only persons entitled to receive Confidential Material or Highly Confidential Material shall be present when Discovery Material so designated is disclosed at a deposition.

        12.    In the event that any person or Party subject to this Stipulation and Protective Order receives a subpoena, discovery request or other process or order (each, a "Request") seeking production of Discovery Material in his, her or its possession, custody or control, the recipient of such Request shall promptly: (a) advise the attorney for the person issuing or serving the Request that Discovery Material being requested is subject to this Stipulation and Order; and (b) notify the attorneys of record for the Designating Person in writing (by facsimile and/or e-mail) of such Request and furnish them with copies of the Request and any other documents served in connection therewith. The attorney for the Designating Person shall have at least 5 business days from the date of his or her receipt of a copy of said Request to file a motion to quash or modify the Request. If production of Confidential Material or Highly Confidential Material pursuant to the Request is required by the terms thereof prior to the expiration of this 5-day period, the attorney for the recipient of the Request shall object in writing to the production by stating that the Discovery Material sought has been designated "Confidential" or "Highly Confidential" pursuant to a court order. The attorney for the recipient

- 8 -

of the Request shall be under no obligation to file any motion to quash or modify the Request or take any actions other than to object in writing to the production pending a court order compelling production of the requested materials. If a motion to quash or modify the Request is made by the Designating Person, there shall be no disclosure of the matter objected to, except sufficient to identify it for purposes of the motion to quash, until the court in which the motion is brought has ruled on the motion, and then only in accordance with the ruling so made. In the event that production of such Confidential Material or Highly Confidential Material is made pursuant to the Request notwithstanding a timely motion to quash or modify the Request, it shall continue to be treated as Confidential Material or Highly Confidential Material by all Parties and persons subject to this Stipulation and Protective Order, unless and until the Court orders otherwise in the Actions. If the Designating Person does not file a motion to quash or modify a Request within the 5-day period provided herein, the person or Party receiving such Request shall be entitled to comply with such Request, provided it has fulfilled its obligations hereunder. Nothing herein shall be construed as requiring the recipient of a Request or anyone else covered by this Stipulation and Protective Order to challenge or appeal any Order directing production of any Confidential Material or Highly Confidential Material or subject itself to any penalty for non-compliance with any legal process or Order or to seek relief from this or any other Court.

13. This Stipulation and Protective Order does not cover the use of any Confidential Material or Highly Confidential Material at any trial.

14. Nothing herein shall impose any restriction on the use or disclosure by any person of its own Discovery Material. Nor shall this Stipulation and Protective Order be construed to prevent any person, its counsel, or its Outside Litigation Consultants from making use as they see fit of information or Discovery Material that was lawfully available to the public

or was lawfully in the possession of the Party, its counsel, or its Outside Litigation Consultants, or that a Party saw or could have accessed by virtue of that Party's past or present employment.

15. Nothing contained in the Stipulation and Protective Order, or any designation of confidentiality hereunder or any failure to make such designation, shall be used or characterized by any Party as an "admission" by a Party or a Party opponent.

16. Entry of this Stipulation and Protective Order shall be without prejudice to any application for relief from, or modification of, the provisions hereof, or to any other applications relating to the production, exchange, or use of any Discovery Material in the course of the Actions; provided, however, that no such applications shall be made after entry of a final judgment or settlement. If a Party disagrees with a designation of Discovery Material as "Confidential" or "Highly Confidential," or disputes the limitations on access to be accorded such Discovery Material under this Stipulation and Protective Order, such Party shall provide to the Designating Person written notice of its disagreement and specifically identify the Discovery Material and/or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally between the Designating Person and the Party disagreeing with the designation or disputing the limitation, the Parties are to prepare the single, joint letter described in Rule 2.E of Judge Hellerstein's Individual Rules. Pending the Court's ruling, the Discovery Material shall continue to be treated in the manner required by this Stipulation and Protective Order for Discovery Material so designated.

17. Inadvertent production of any document that a Party or non-party later claims should not have been produced because of a privilege, including without limitation the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity from disclosure (an "Inadvertently Produced Privileged Document"), will not be deemed to

waive such privilege or immunity from disclosure. A Party or non-party may, within ten (10) days of the date of discovery by that Party or non-party of the inadvertent production, request the return of any Inadvertently Produced Privileged Document by identifying the document inadvertently produced and stating the basis for withholding such document from production. In that event, each Party or non-party in possession of a copy of the Inadvertently Produced Privileged Document ("Receiving Party") shall promptly (but in no event later than five days after receiving notice from the Party requesting return) return the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information derived solely from the Inadvertently Produced Privileged Document, unless the Receiving Party determines that it seeks to challenge the request for return of the document. If the Receiving Party determines that it seeks to challenge the request for return of the document, within ten days it shall contact the Producing Party to attempt to resolve the issue in good faith with the Producing Party. If the Parties cannot resolve the issue after good faith attempts, the Parties shall raise the dispute with the Court in a single, joint letter as described in Rule 2.E of Judge Hellerstein's Individual Rules. If the Receiving Party seeks an order from the Court compelling production thereof, it may not assert as a ground for the order sought the fact or circumstances of the inadvertent production. In the event that the Receiving Party seeks an order from the Court regarding an Inadvertently Produced Privileged Document, the Receiving Party may retain possession of the document during the pendency of such application, provided that the document is sequestered and is not used by the Receiving Party during that time except in connection with any application opposing its return. If the Receiving Party does not timely raise the challenge the request for the return of the document as provided herein, it shall promptly return the document.

18. A Party that has inadvertently produced Discovery Material containing Confidential Information or Highly Confidential Information without designating it as "Confidential" or "Highly Confidential," as the case may be, or improperly designating it as "Confidential" rather than "Highly Confidential" or visa versa, may at any time prior to the tenth business day following the fact discovery cutoff in the Actions, redesignate such Discovery Material with its proper designation and shall promptly provide marked materials reflecting such designation. The Party receiving such redesignated Confidential Material or Highly Confidential Material shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other materials that were generated based upon such Confidential Material or Highly Confidential Material shall promptly be treated in conformity with any such designation.

19. In the event that a Party or a non-party produces two or more identical or substantially identical copies of a document or other Discovery Material, and any copy is designated "Confidential" or "Highly Confidential" while other copies of that Party or non-party document are not so designated, all such identical or substantially identical documents or other Discovery Material shall be treated as Confidential Material (or Highly Confidential Material) once notice is given of the inconsistent designation and properly marked materials reflecting such designation are provided. The Designating Person shall be responsible for providing notice of the inconsistent designation and properly marked materials.

20. All provisions of this Stipulation and Protective Order restricting the use of Discovery Material shall continue to be binding after the conclusion of the Actions, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of documents or other Discovery Material designated as Confidential Material or Highly Confidential Material shall, at the request of the Designating Person, be

returned to the Designating Person at the Designating Person's expense, or destroyed, within one month (or any longer period of time to which the Designating Party agrees in writing) after a final judgment has been entered in the Actions and the time for appeals has expired, except that the Parties and counsel of record for each Party and any testifying expert for any of the Parties shall be permitted to maintain in its files copies of all Court filings and Court transcripts, expert reports and each written discovery request and written response thereto (but not "Confidential" or "Highly Confidential" documents produced in response to a request for production of documents, which documents must be returned to the Designating Person or destroyed in accordance with the procedure identified elsewhere in this paragraph).  Upon request from any Party, a Party who elects to destroy Confidential Material or Highly Confidential Material in its possession will certify to the fact that such documents have been destroyed.  Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Material or Highly Confidential Material.

21. Neither this Stipulation and Protective Order nor any Party's designation of Discovery Material as "Confidential" or "Highly Confidential" shall affect the admissibility into evidence of the Discovery Material so designated.

22. Nothing in this Stipulation and Protective Order is intended to constitute an agreement regarding the scope of discovery.

23. Prior to filing any motion, brief, discovery request, or pleading in which Confidential Material or Highly Confidential Material is quoted, discussed, relied upon, attached as an exhibit or otherwise disclosed, the filing Party shall either (a) make a motion, consistent with Section 4A of the Court's Individual Rules, requesting permission to file the materials under seal, or (b) provide sufficient notice to the Designating Party to enable the Designating

Party to make such a motion. Even if the filing Party believes that the materials subject to the Order are not property classified as "Confidential" or "Highly Confidential," the filing Party shall comply with the procedure set forth in this paragraph regardless of whether the confidential information to be filed is the Discovery Material of the filing Party.

24. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulation and Protective Order.

Dated: New York, New York
March 13, 2009

Brune & Richard LLP

By: /s/ *signature*
Nina Beattie
Theresa Trzaskoma
MaryAnn Sung
80 Broad Street
New York, New York 10004
(212) 668-1900

*Attorneys for Defendant Matthew Tannin*

Entwistle & Cappucci LLP

By:_____
Johnston de F. Whitman, Jr.
Arthur V. Nealon
Joshua Porter
280 Park Avenue, 26th Floor West
New York, New York 10017
(212) 894-7200

Douglas R. Hirsch
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, New York 10176
(212) 947-3793

*Attorneys for Plaintiff, Navigator Capital Partners, L.P.*

- 14 -

Party to make such a motion. Even if the filing Party believes that the materials subject to the Order are not property classified as "Confidential" or "Highly Confidential," the filing Party shall comply with the procedure set forth in this paragraph regardless of whether the confidential information to be filed is the Discovery Material of the filing Party.

24. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulation and Protective Order.

Dated: New York, New York
       March 13, 2009

Brune & Richard LLP

By:_____
  Nina Beattie
  Theresa Trzaskoma
  MaryAnn Sung
  80 Broad Street
  New York, New York 10004
  (212) 668-1900

*Attorneys for Defendant Matthew Tannin*

Entwistle & Cappucci LLP

By: *[signature]*
  Johnston de F. Whitman, Jr.
  Arthur V. Nealon
  Joshua Porter
  280 Park Avenue, 26th Floor West
  New York, New York 10017
  (212) 894-7200

  Douglas R. Hirsch
  SADIS & GOLDBERG LLP
  551 Fifth Avenue, 21st Floor
  New York, New York 10176
  (212) 947-3793

*Attorneys for Plaintiff, Navigator Capital Partners, L.P.*

Driscoll & Redlich

By: *Catherine L. Redlich*
    Catherine L. Redlich
    521 Fifth Avenue, Suite 3300
    New York, New York 10175
    (212) 986-4030

*Attorneys for Defendant Raymond McGarrigal*

Hughes Hubbard & Reed LLP

By: _____
    Marc A. Weinstein
    Lisa Cahill
    One Battery Park Plaza
    New York, New York 10004
    (212) 837-6000

*Attorneys for Defendant Ralph Cioffi*

Gardy & Notis, LLP

By: _____
    James S. Notis
    440 Sylvan Avenue, Suite 110
    Englewood Cliffs, New Jersey 07632
    (201) 567-7377

*Attorneys for Plaintiff FIC, L.P.*

Grant & Eisenhofer P.A.

By: _____
    James J. Sabella
    485 Lexington Avenue, 29th Floor
    New York, New York 10017
    (646) 722-8500

*Attorneys for Plaintiff FIC, L.P.*

Driscoll & Redlich

By:_____
    Catherine L. Redlich
    521 Fifth Avenue, Suite 3300
    New York, New York 10175
    (212) 986-4030

*Attorneys for Defendant Raymond McGarrigal*

Gardy & Notis, LLP


By: _____
    James S. Notis
    440 Sylvan Avenue, Suite 110
    Englewood Cliffs, New Jersey 07632
    (201) 567-7377

*Attorneys for Plaintiff FIC, L.P.*

Hughes Hubbard & Reed LLP

By:_____
    Marc A. Weinstein
    Lisa Cahill
    One Battery Park Plaza
    New York, New York 10004
    (212) 837-6000

*Attorneys for Defendant Ralph Cioffi*

Grant & Eisenhofer P.A.


By: _____
    James J. Sabella
    485 Lexington Avenue, 29th Floor
    New York, New York 10017
    (646) 722-8500

*Attorneys for Plaintiff FIC, L.P.*

| | |
|---|---|
| Driscoll & Redlich | Hughes Hubbard & Reed LLP |
| By:_____<br>Catherine L. Redlich<br>521 Fifth Avenue, Suite 3300<br>New York, New York 10175<br>(212) 986-4030<br><br>*Attorneys for Defendant Raymond McGarrigal* | By:_____<br>Marc A. Weinstein<br>Lisa Cahill<br>One Battery Park Plaza<br>New York, New York 10004<br>(212) 837-6000<br><br>*Attorneys for Defendant Ralph Cioffi* |
| Gardy & Notis, LLP | Grant & Eisenhofer P.A. |
| By: /s/ James S. Notis<br>James S. Notis<br>440 Sylvan Avenue, Suite 110<br>Englewood Cliffs, New Jersey 07632<br>(201) 567-7377<br><br>*Attorneys for Plaintiff FIC, L.P.* | By: /s/ James J. Sabella<br>James J. Sabella<br>485 Lexington Avenue, 29th Floor<br>New York, New York 10017<br>(646) 722-8500<br><br>*Attorneys for Plaintiff FIC, L.P.* |

Kramer Levin Naftalis & Frankel LLP

By: _____
Stephen M. Sinaiko
Kerri Ann Law
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Attorneys for Defendants The Bear Stearns Companies LLC (f/k/a The Bear Stearns Companies Inc.), Bear Stearns Asset Management Inc., JPMorgan Securities Inc. (f/k/a Bear, Stearns & Co. Inc.), JPMorgan Clearing Corp. (f/k/a Bear, Stearns Securities Corp.), Bear, Stearns & Co. Inc., Barry Cohen, Gerald Cummins, David Sandelovsky, and Gregory Quental*

Cadwalader, Wickersham & Taft LLP

By: _____
Martin L. Seidel
One World Financial Center
New York, New York 10281
(212) 504-6000

*Attorneys for Defendants Walkers Fund Services Limited, Scott Lennon and Michelle Wilson-Clarke*

ENTER: 3-18-09

_____
Hon. Alvin K. Hellerstein

- 16 -

## ACKNOWLEDGEMENT

The undersigned has read the Stipulated Order Concerning Confidential Treatment of Discovery Material (the "Order") entered in the actions styled as Navigator Capital Partners, L.P. v. Bear Stearns Asset *Management Inc., et al.*, No. 07 Civ. 7783 (AKH) and *FIC, L.P. v. Bear Stearns Asset Management Inc., et al.*, No. 07 Civ. 11633 (AKH) (the "Actions") in the United States District Court for the Southern District of New York (the "Court"), understands it contents, and hereby agrees as follows:

1. I agree to comply with and be bound by the terms of the Order.

2. I agree that I will not disclose or discuss materials designated as "Confidential" or "Highly Confidential" in the Actions, or any notes or other memoranda or writings regarding such materials, except as permitted by the Order.

3. I agree that I will not keep any materials designated as "Confidential" or "Highly Confidential" in the Actions or copies of any such materials (including notes or other memoranda or writings containing or relating thereto) except as provided in the Order.

4. I agree and understand that my obligation to honor the confidentiality of materials designated as "Confidential" or "Highly Confidential" in the Actions will continue even after the termination of the Actions, including all appeals.

5. I agree and understand that, if I should fail to abide by the terms of the Order, I may be subject to sanctions, including sanctions for contempt of Court, imposed by the Court for such failure.

6. I hereby consent to the personal jurisdiction of the United States District Court in the Southern District of New York with respect to any proceedings relative to enforcement of the Order.

Dated: _____

        Signature: _____

        Name: _____

        Address: _____

                  _____

                  _____