```
     1b29navs                      Settlement

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   NAVIGATOR CAPITAL PARTNERS,

 4              Plaintiff,

 5         v.                                 07 CV 7783 (AKH)
                                              07 CV 11633 (AKH)
 6                                            08 CV 3397 (AKH)
                                              09 CV 4936 (AKH)
 7
     BEAR STEARNS,
 8
                Defendant.
 9
     ------------------------------x
10                                            New York, N.Y.
                                              November 2, 2011
11                                            11:52 a.m.

12   Before:

13                   HON. ALVIN K. HELLERSTEIN

14                                               District Judge

15                       APPEARANCES

16   ENTWISTLE & CAPPUCCI
          Attorneys for Plaintiff Navigator
17   BY:  ANDREW J. ENTWISTLE
          ARTHUR V. NEALON
18
     SADIS GOLDBERG
19        Attorney for Plaintiff Navigator
     BY:  DOUGLAS R. HIRSCH
20

21   GARDY & NOTIS, LLP
          Attorney for Plaintiff FIC, LP
22   BY:  JAMES S. NOTIS

23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

APPEARANCES CONTINUED

REED SMITH LLP
     Attorneys for Plaintiffs Geoffrey Varga and Mark Longbottom
BY:  JORDAN W. SIEV
     JAMES C. McCARROLL
     JOHN L. SCOTT

SUSMAN GODFREY
     Attorney for Plaintiff Geoffrey Varga and Mark Longbottom
BY:  STEPHEN D. SUSMAN

HUGHES HUBBARD & REED LLP
     Attorney for Defendant Ralph Ciffi
BY:  MARC A. WEINSTEIN

KRAMER LEVIN NAFTALIS & FRANKEL LLP
     Attorneys for Defendant
BY:  BARRY H. BERKE
     KERRI ANN LAW

BRUNE & RICHARD LLP
     Attorney for Defendant Tarrin
BY:  NINA BEATTIE

CADWALADER, WICKERSHAM & TAFT LLP
     Attorneys for Defendant Walkers
BY:  MARTIN L. SEIDEL
     NATHAN M. BULL

DRISCOLL & REDLICH
     Attorney for Defendant Raymond McGarrigal
BY:  CATHERINE REDLICH

1b29navs                    Settlement

1              (In open court)
2              THE COURT:  Mr. Entwistle.
3              MR. ENTWISTLE:  Thank you, your Honor.  As you know
4     from the letter we sent to the court yesterday, we've
5     disseminated notice to the eligible investors.
6              THE COURT:  Would you please prove the notice and make
7     it a matter of record.
8              MR. ENTWISTLE:  Your Honor, the proof of notice was
9     filed with our motion papers last month.
10             THE COURT:  That's adequate.
11             MR. ENTWISTLE:  And it's been filed with the court.
12             THE COURT:  And tell us what form of notice it was.
13             MR. ENTWISTLE:  The notice was delivered by e-mail, by
14    regular mail, and in some cases by hand to each of the eligible
15    investors.  Each of the eligible investors has executed proofs
16    of claim and is participating in the settlement.  There is no
17    eligible --
18             THE COURT:  So there is no issue of notice.
19             MR. ENTWISTLE:  There is no issue of notice.
20             THE COURT:  All twelve eligible investors have
21    received notice and have entered the settlement.
22             MR. ENTWISTLE:  That's exactly right, your Honor.
23             And at this time we have no objectors and we would ask
24    that the court, for the reasons set forth more fully in our
25    papers, approve -- give final approval for the settlement and

1   enter an order and judgment to that effect, we file that order
2   with the court and the judgment clerk.
3            There being no objectors --
4            THE COURT:  I gave preliminary approval.  And I notice
5   that the twelve are receiving 30 percent approximately of their
6   net contributions, that the settlement is an improvement over
7   the previous settlement made with 94 institutional investors
8   between them and the defendants on substantially the same set
9   of claims.  This was an arm's length negotiation with competent
10  and experienced counsel.  So, I -- and there have been no
11  objections and I, therefore, approve the settlement as fair,
12  reasonable and adequate.
13           MR. ENTWISTLE:  Thank you, your Honor.
14           And given that there are no objections --
15           THE COURT:  Mr. Berke, that's a fair statement, is it
16  not?
17           MR. BERKE:  It certainly is, your Honor.  Thank you.
18           MR. ENTWISTLE:  And given that there are no
19  objections, your Honor, we'd also ask that we be able to
20  proceed immediately to distribute the funds to these eligible
21  investors.
22           THE COURT:  So ordered.
23           MR. ENTWISTLE:  Thank you, your Honor.
24           THE COURT:  Now with regard to your fee, you're asking
25  for $3,500,000 inclusive of expenses.  The expenses are.

1b29navs                      Settlement

1           MR. ENTWISTLE:  Approximately $212,000.

2           THE COURT:  Your letter says $213,722.26.

3           MR. ENTWISTLE:  That's correct.

4           THE COURT:  The fee request is less than your time
5    charges.  You represent in your letter that it is 31.5 percent
6    approximately of your lodestar.

7           MR. ENTWISTLE:  That's correct, your Honor.

8           THE COURT:  And it is also 18-and-a-half percent, a
9    little less, than the amount of recovery.

10          MR. ENTWISTLE:  That's correct.

11          THE COURT:  So under both those indicia it seems to me
12   it's a fair fee and appropriately charged against the twelve
13   who will benefit from the settlement.

14          Unless there's objections.  Hearing none, so ordered.

15          MR. ENTWISTLE:  Thank you, your Honor.

16          THE COURT:  I do want to run by this final order and
17   judgment that you propose before I sign it and have you explain
18   a few things.

19          Paragraph one.  I do find that you and your colleagues
20   have fairly and adequately represented the interests of the
21   domestic High Grade Fund and it's limited partners, these being
22   the claimants.  And I've already found that the settlement is
23   reasonable, adequate, and in the best interests of the fund and
24   its limited partners and I approve the settlement and the
25   stipulation of dismissal.  And I ordered that these settlements

1    be consummated by distribution of the funds.
2              Is it in accordance with proportion to the investments
3    made to the contributions?
4              MR. ENTWISTLE:  That's correct, your Honor.
5              THE COURT:  Notice has been given as required.  I'm
6    satisfied with paragraph four.
7              I have jurisdiction over the subject matter pursuant
8    to the security exchange act and allied statutes.  That's
9    paragraph five.  I have personal jurisdiction over all parties.
10             Paragraph six.  The claims are dismissed with
11   prejudice and each party to bear his own costs and that's by
12   agreement among the parties.
13             By operation -- why do I need paragraph seven in the
14   judgment?  That functions by a separate release document does
15   it not, Mr. Entwistle?
16             MR. ENTWISTLE:  It does.  It just reflects what's
17   happening in the stipulation of settlement, your Honor.
18             THE COURT:  I don't see why I need to sign paragraph
19   seven, Mr. Berke.
20             MR. BERKE:  Your Honor, we'd be comfortable with you
21   leaving that out.
22             THE COURT:  So I will cross it out and write in the
23   margin covered by separate document.
24             MR. ENTWISTLE:  That's fine with us, your Honor.
25             THE COURT:  The same with paragraph eight.

1           Paragraph nine is I'm sure covered by a covenant not
2      to sue.
3           MR. ENTWISTLE:  It is.  Those are all covered in the
4      stipulation of settlement.
5           THE COURT:  So I would like to delete paragraphs
6      seven, eight, nine, and ten.  And the annotation in the margin
7      covered by separate documents would cover all of those
8      paragraphs.
9           Is that all right, Mr. Berke?
10          MR. BERKE:  Your Honor, we would be comfortable with
11     that.  They are covered by separate documents and the
12     liquidators to the funds did, in fact, sign off to the
13     agreement as well.
14          THE COURT:  Paragraph eleven.  I'm going to write in
15     $3, 500,000.
16          MR. ENTWISTLE:  Thank you, your Honor.
17          THE COURT:  This is all inclusive amongst plaintiffs'
18     attorneys?
19          MR. ENTWISTLE:  Yes, it is, your Honor.
20          THE COURT:  Was there any problem coming to agreement?
21          MR. ENTWISTLE:  No, there is not, your Honor.
22          THE COURT:  Paragraph twelve is satisfactory.
23          It's the defendants' condition for entering into the
24     settlement is it not, Mr. Berke?
25          MR. BERKE:  It is, your Honor.  Thank you.

1           THE COURT:  All right.

2           I'll date this as November 2, 2011.

3           I've just signed it.  Ms. Jones will file it.  I've

4    detached the letter.

5           MR. ENTWISTLE:  Thank you, your Honor.

6           Just so your Honor is aware as a matter of

7    housekeeping later today we will be filing the stipulation

8    that -- of dismissal that related to the individual defendants.

9    They are obviously covered by the settlement and the documents

10   you've just signed but by agreement there was a separate

11   stipulation related to them.

12          THE COURT:  I'll so order that when I receive it.

13          MR. ENTWISTLE:  Thank you, your Honor.

14          THE COURT:  You can -- you have to deliver a physical

15   copy.  So when I get that I'll sign that.

16          With regard to the Varga complaint, the Varga claims I

17   understand they are not settled.  I've read your proposed --

18          MR. ENTWISTLE:  Your Honor, if I may interrupt you for

19   just one second?

20          THE COURT:  Yes.

21          MR. ENTWISTLE:  We have a copy of the stipulation and

22   order of dismissal of the director defendants, if I can hand

23   that to you.  Maybe we can save a step.

24          THE COURT:  Yes, please do.

25          I'll sign that now.  Do I need to conform this?  No.

1    MR. ENTWISTLE:  No, your Honor.

2    THE COURT:  I never know where the "so ordered" should
3 go, on the last page or the first page.

4    MR. ENTWISTLE:  Always the problem with multiple
5 signatures.

6    THE COURT:  I'm going to sign on page two.

7    MR. ENTWISTLE:  Fair enough.

8    While your Honor does that --

9    THE COURT:  Ms. Jones will file this.

10   MR. ENTWISTLE:  While you do that, your Honor, again,
11 on behalf of the Navigator plaintiffs and the eligible
12 investors, our thanks to the court and your staff for your time
13 and good auspices as always.

14   THE COURT:  It's a pleasure to have you in my court as
15 well as the others.

16   MR. ENTWISTLE:  Thank you, your Honor.

17   THE COURT:  I will miss not having this case tried,
18 Mr. Entwistle.

19   MR. ENTWISTLE:  Well, your Honor, I'm sure we'll have
20 another chance to do one of those before we're both finished
21 with the profession.

22   THE COURT:  I do hope so.

23   With regard to the Varga matter, I did not sign the
24 case management order except as to its date for completing fact
25 discovery.  The reason I didn't is because I think, and my

1  experience proves, that it's important to have another
2  discussion with you before you undertake another large
3  expenditure with regard to experts.  And by having this stop
4  point before you incur that expenditure I think I do you a
5  favor and your clients a favor and the court a favor in terms
6  of shortening proceedings that often occur.
7           It's also my experience that many more depositions are
8  taken than are really needed and I didn't intrude on that
9  process.  I left you alone with that.  But I think you should
10 be alert to savings with regard to depositions that can be
11 unnecessary.
12          So I put down a date when I'll see you next on the
13 Varga complaint and claims.  If there's anything you want me to
14 do in between that date and this date, let me know and I'll be
15 glad to confer.
16          All right.  Thanks all very much.
17          MR. ENTWISTLE:  Thank you, again, Judge.
18          (Adjourned)